```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
_____

DARRYL WILLIAMS,                    )
                                    )
     Plaintiff,                     )
                                    )
v.                                  )    No. 04-2976 Ml/P
                                    )
THE CITY OF MEMPHIS,                )
OFFICER VANCE STACKS,               )
IBM #2855 and OTHER JOHN            )
DOE OFFICERS,                       )
                                    )
     Defendants.                    )
_____
```

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT STACKS'
MOTION TO DISMISS AND/OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT
AND
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT STACKS'
MOTION TO STRIKE, OR IN THE ALTERNATIVE OBJECTION TO CERTAIN
ATTACHMENTS TO PLAINTIFF'S MEMORANDUM**
_____

Before the Court is the Motion to Dismiss and/or in the Alternative for Summary Judgment of Defendant Vance Stacks, filed May 27, 2005. Plaintiff responded in opposition on December 23, 2005. Defendant filed a reply to Plaintiff's response on January 10, 2006. Also before the Court is the Motion of Defendant Vance Stacks to Strike, or in the Alternative Objection to Certain Attachments to Plaintiff's Memorandum Opposing Motion to Dismiss Amended Complaint and References Thereto in the Memorandum, filed December 29, 2005. Plaintiff did not file a response to this motion.

For the reasons set forth below, Defendant Stacks' motion to strike Plaintiff's affidavit is DENIED. Stacks' objection to the Court's consideration of the other documents attached to Plaintiff's memorandum in opposition to Stacks' motion to dismiss and/or for summary judgment is SUSTAINED. Stacks' motion to dismiss and/or for summary judgment is DENIED as to Plaintiff's claims of wrongful arrest and excessive force under 42 U.S.C. § 1983. Stacks' motion to dismiss Plaintiffs' state constitutional claims is GRANTED.

**I. Background**

This action arose out of Plaintiff's arrest on December 2, 2003, following an altercation between Plaintiff and Defendant Vance Stacks ("Stacks"), an officer with the Memphis Police Department. According to the allegations in Plaintiff's amended complaint, filed March 25, 2005, Plaintiff was pumping gas at a gas station in Memphis, Tennessee, on December 2, 2003. He observed Stacks drive into the parking lot and proceed to stare at Plaintiff from inside the gas station. Plaintiff, who had previously paid for his gas, finished pumping and went inside the station to obtain his change. Plaintiff stood behind Stacks, who was purchasing potato chips. After Stacks paid for his chips, he "looked over his shoulder and asked the Plaintiff whether Plaintiff was trying to threaten him and take his gun." (Am. Compl. ¶ 14.) Plaintiff replied that he was just in the store to

obtain his change from an earlier gas purchase.  Stacks told Plaintiff to "step back."  Plaintiff obtained his change from the cashier and turned towards the exit.  "[A]s Plaintiff was walking toward the exit doors, Stacks grabbed Plaintiff, tearing his shirt and under shirt as Officer Stacks was unlawfully and with excessive force, pushing Plaintiff out of the store."  (Id. ¶ 21.)  Stacks placed Plaintiff under arrest, and Plaintiff was placed in the backseat of a police car.

While en route to the jail, Stacks pulled over the car, put on a pair of black leather gloves, and walked over to another squad car that had been following behind Stacks' car.  Then Stacks returned to the police car "where Plaintiff was sitting and proceeded to beat [Plaintiff]."  (Id. ¶ 24.)

Plaintiff alleges that he was subjected to intentional and unreasonable force by Officer Stacks and that he was deprived of his right to be free from unreasonable seizure under the Tennessee and United States Constitutions.  Plaintiff further alleges that "the decision makers and policy makers of the City of Memphis tolerate the custom and widespread practice of the City of Memphis Police to harass, brutalize and wrongfully arrest without just cause defenseless citizens."  (Id. ¶ 32.)  Finally, Plaintiff contends that the City government decision-makers are deliberately indifferent to the "lawless actions" of the Memphis police, which are "so widespread as to have the force and effect of law."  (Id. ¶¶ 33-34.)  Plaintiff seeks $5,000,000.00 in

-3-

compensatory damages and $5,000,000.00 in punitive damages.

**II.  Motion to Strike and/or Object**

Stacks moves to strike and/or objects to the following attachments to Plaintiff's memorandum in opposition to Stacks' motion to dismiss: (1) Plaintiff's signed and notarized affidavit, dated December 23, 2005; (2) Plaintiff's statement to the Inspectional Service Bureau of the City of Memphis Police Department ("ISB"), made on December 11, 2003, and signed by Plaintiff the same day; (3) another copy[1] of Plaintiff's statement to the ISB made on December 11, 2003, and signed by Plaintiff on March 9, 2004; and (4) a letter to Plaintiff from Major B.C. Mays, ISB Commander, dated August 24, 2004, describing the resolution of ISB's investigation of Plaintiff's December 11, 2003, complaint.

Federal Rule of Civil Procedure 56(e) provides, in pertinent part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated within.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Fed. R. Civ. P. 56(e); see also Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir. 1993)("[D]ocuments submitted in support of a motion

---

[1] The substance of the two statements appears to be identical.

-4-

for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be discarded.").

Stacks argues that the Court should not consider Plaintiff's affidavit because it does not set out Plaintiff's personal knowledge or competency to testify as to the matters set out therein. This argument is without merit. Plaintiff's affidavit provides details of his interaction with Stacks on December 2, 2003, and also refers to previous interactions with Stacks. These are matters peculiarly within Plaintiff's personal knowledge and about which he is competent to testify. Stacks' motion to strike Plaintiff's affidavit is DENIED.

In the Sixth Circuit, it is well settled that the district court may only consider evidence that would be admissible at trial in ruling on a motion for summary judgment." Wiley v. United States, 20 F.3d 222, 225-26 (6th Cir. 1994); see also Sperle v. Mich. Dep't of Corr., 297 F.3d 483, 495 (6th Cir. 2002)("A party opposing a motion for summary judgment cannot use hearsay or other inadmissible evidence to create a genuine issue of material fact.") As Plaintiff's statements to the ISB and the letter to Plaintiff regarding the outcome of the ISB's investigation contain inadmissible hearsay or are otherwise not relevant, Defendant's objection to these documents is SUSTAINED and the Court will not consider them in connection with the instant motion for summary judgment.

**III. Motion to Dismiss and/or in the Alternative for Summary Judgment**

    **A.   Standards of Review**

        **1.   Rule 12(b)(6) Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must treat all of the well-pleaded allegations of the complaint as true, Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992), and must construe all of the allegations in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

        **2.   Rule 56(c) Summary Judgment**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the

movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," <u>Celotex</u>, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. <u>Emmons v. McLaughlin</u>, 874 F.2d 351, 353 (6th Cir. 1989).  In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." <u>Kochins v. Linden-Alimak, Inc.</u>, 799 F.2d 1128, 1133 (6th Cir. 1986); <u>see also</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); <u>see also</u> <u>Abeita v. TransAmerica Mailings, Inc.</u>, 159 F.3d 246, 250 (6th Cir. 1998).  A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  <u>Id.</u> at 251-52.

  **B. Analysis**

    **1. Claims under the Federal Constitution**

Stacks first moves to dismiss or for summary judgment on Plaintiff's claims that he was wrongfully arrested without probable cause and subjected to excessive force in violation of the Fourth Amendment. As an initial matter, the Court notes that Plaintiff makes no reference to 42 U.S.C. § 1983 anywhere in his amended complaint, although he cites to his right to be free from unreasonable seizure under the United States Constitution. Despite this omission, Stacks has construed Plaintiff's allegations as asserting § 1983 causes of action (Stacks' Mem. Supp. Mot. Dismiss 2 ("As to this Defendant the Plaintiff alleges a cause of action under 42 U.S.C. § 1983 for violations of the Fourth Amendment for false arrest and the use of excessive force and for violations of the Tennessee Constitution.")), and the Court agrees that this is the proper construction. See Pierzynowski v. Police Dep't City of Detroit, 941 F. Supp. 633, 639 E.D. Mich. 1996)(construing plaintiff's allegations as stating § 1983 cause of action where complaint cited only to Fourteenth Amendment)(noting that defendants understood complaint to advance § 1983 claims and responded accordingly in dispositive motions); see also Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)(noting that 42 U.S.C. § 1983 provides the remedy for "vindicating federal rights elsewhere conferred").

To make out a successful § 1983 claim of wrongful arrest, the plaintiff must prove that the police lacked probable cause to arrest him. Feathers v. Aey, 319 F.3d 843, 851 (6th Cir. 2003).

-8-

"A police officer has probable cause if there is a fair probability that the individual to be arrested has either committed or intends to commit a crime."  Id. (quoting Fridley v. Horrighs, 291 F.3d 867, 872 (6th Cir. 2002)).

Excessive force claims are analyzed under the Fourth Amendment's protection against unreasonable seizures.  Graham v. Connor, 490 U.S. 386, 394 (1989).  In determining whether excessive force was used, courts must ask whether the officer's actions were objectively reasonable in light of the totality of the circumstances and without taking into consideration the underlying motivations of the officer in making the arrest.  Id. at 396; see also Kostrzewa v. City of Troy, 247 F.3d 633, 639 (6th Cir. 2001).

As set forth above, Plaintiff's Amended Complaint alleges that Stacks arrested him without probable cause and with excessive force.  (Am. Compl. ¶ 21.)  Specifically, Plaintiff alleges that Stacks, for no reason, grabbed Plaintiff, tore his shirt and pushed him out of the gas station, at which time Plaintiff was placed under arrest. Plaintiff also alleges that on the way to the police station, after the arrest, Stacks pulled the car over and beat Plaintiff——who was riding in the back seat——for no reason. (Id. ¶ 22-24.)  Construed in the light most favorable to Plaintiff, these allegations are sufficient to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Stacks' motion to dismiss is DENIED.

In support of his motion for summary judgment, Stacks submitted an affidavit in which he states that on December 2, 2003, he was purchasing some potato chips at the gas station when he felt Plaintiff "breathing on [his] neck." (Stacks Aff., May 26, 2005, at 1-2.) Stacks asked Plaintiff to back up, but Plaintiff became irate, began to curse, and waved his arms and fingers in Stacks' face. As Plaintiff was leaving the store, he "shoulder-butted" Stacks, who then grabbed Plaintiff "in a bear hug to take him out of the store" and placed him under arrest. Plaintiff continued to resist and fight Stacks and the other officers who had arrived to assist Stacks. (Id. at 2.) Stacks further asserts that on the way to the police station, Plaintiff began to kick the window and door of the police car. Stacks "pulled over to put [Plaintiff] in a seatbelt for his protection and to keep him from continuing to kick at the door and window." (Id. at 3.)

As noted earlier, Plaintiff also submitted an affidavit in support of his opposition to Stacks' motion. In his affidavit, Plaintiff denies that he stood behind Stacks and breathed on him, waved his arms or finger in Stacks' face, or "shoulder-butted" Stacks. Plaintiff also denies that he kicked the door or window of the police car. (Pl. Aff., Dec. 23, 2005.)

The Court has reviewed the parties' affidavits and arguments and concludes that summary judgment is not appropriate in this case. Plaintiff and Stacks have asserted very different versions

-10-

of the events of December 2, 2003; they agree on almost nothing. As Plaintiff has met his burden to "set forth specific facts showing that there is a genuine issue for trial," Fed. R. Civ. P. 56(e), Stacks' motion for summary judgment is DENIED.

### 2. Qualified Immunity

The Court's inquiry does not end here, however, because Stacks has asserted a qualified immunity defense. "To withstand a motion for summary judgment based on a claim of qualified immunity, the plaintiff must state a violation of clearly established law, and present evidence sufficient to create a genuine issue of material fact as to whether the defendant committed the acts that violated the law." Fromuth v. Metropolitan Gov't of Nashville, 158 F. Supp. 2d 787, 796 (M.D. Tenn. 2001)(citing Dickerson v. McClellan, 101 F.3d 1151, 1158 (6th Cir. 1996)).

A government official is not entitled to qualified immunity if his conduct results in the violation of a clearly established statutory or constitutional right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). It is beyond doubt that in 2003, "the law was clearly established that, absent probable cause to believe that an offense had been committed, was being committed, or was about to be committed, officers may not arrest an individual." Radvansky v. City of Olmstead Falls, 395 F.3d 291, 310 (6th Cir. 2005).

Similarly, the Sixth Circuit has long held that the right to be free from excessive force is a clearly established right for purposes of the qualified immunity analysis. <u>Kostrzewa</u>, 247 F.3d at 641 (citations omitted). Thus, the "sole remaining issue" in the qualified immunity analysis "is whether [Plaintiff] has offered sufficient evidence to indicate that officer's alleged actions were objectively unreasonable in light of the clearly established right." <u>Radvansky</u>, 395 F.3d at 310. Viewing the evidence in the light most favorable to Plaintiff, there is a genuine issue of fact as to whether Stacks' determination of probable cause and his use of force were objectively unreasonable. As such, the Court cannot grant Stacks qualified immunity. <u>See</u> <u>Kostrzewa</u>, 247 F.3d at 642 ("[I]f there is a genuine issue of fact as to whether an officer's use of force was objectively unreasonable, then there naturally is a genuine issue of fact with respect to whether a reasonable officer would have known such conduct was wrongful."); <u>see also</u> <u>Alexander v. Newman</u>, 345 F. Supp. 2d 876, 884 (W.D. Tenn. 2004)(denying qualified immunity to officer where plaintiff alleged that officer struck him numerous times without provocation). Stacks' request for qualified immunity as to Plaintiff's claims of false arrest and excessive force under § 1983 is DENIED.

### 3. State Constitutional Claims

Stacks also moves to dismiss Plaintiff's claims based on the

Tennessee Constitution. It is well established that Tennessee does not recognize an implied private cause of action for damages based on violations of the Tennessee Constitution. <u>Wooley v. Madison County, Tennessee</u>, 209 F. Supp. 2d 836, 844 (W.D. Tenn. 2002); <u>see also</u> <u>Cline v. Rogers</u>, 87 F.3d 176, 179 (6th Cir. 1996); <u>Bowden Bldg. Corp. v. Tennessee Real Estate Comm'n</u>, 15 S.W. 3d 434, 446 (Tenn. Ct. App. 1999). Accordingly, Stacks' motion to dismiss Plaintiff's state constitutional claims is GRANTED.

**IV. Conclusion**

For the reasons set forth above, Defendant Stacks' motion to strike Plaintiff's affidavit is DENIED. Stacks' objection to the Court's consideration of the other documents attached to Plaintiff's memorandum in opposition to Stacks' motion to dismiss and/or for summary judgment is SUSTAINED. Stacks' motion to dismiss and/or for summary judgment is DENIED as to Plaintiff's claims of wrongful arrest and excessive force under 42 U.S.C. § 1983. Stacks' motion to dismiss Plaintiffs' state constitutional claims is GRANTED.

IT IS SO ORDERED this 21st day of March, 2006.

                                  /s/ Jon P. McCalla
                                  JON P. McCALLA
                                  UNITED STATES DISTRICT JUDGE