```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
_____

DARRYL WILLIAMS,                    )
                                    )
     Plaintiff,                     )
                                    )
v.                                  )    No. 04-2976 Ml/P
                                    )
THE CITY OF MEMPHIS,                )
OFFICER VANCE STACKS,               )
IBM #2855 and OTHER JOHN            )
DOE OFFICERS,                       )
                                    )
     Defendants.                    )
_____

    ORDER GRANTING IN PART AND DENYING IN PART MOTION OF DEFENDANT
             CITY OF MEMPHIS TO DISMISS AMENDED COMPLAINT
_____
```

Before the Court is the Motion of Defendant City of Memphis to Dismiss Amended Complaint, filed April 25, 2005.  Plaintiff responded in opposition on July 18, 2005.  For the reasons set forth below, Defendant's motion to dismiss is GRANTED in part and DENIED in part.

**I.  Background**

This action arose out of Plaintiff's arrest on December 2, 2003, following an altercation between Plaintiff and Defendant Vance Stacks ("Stacks"), an officer with the Police Department of Defendant City of Memphis ("City").  According to the allegations in Plaintiff's amended complaint, filed March 25, 2005, Plaintiff was pumping gas at a gas station in Memphis, Tennessee.  He

observed Stacks drive into the parking lot and proceed to stare at Plaintiff from inside the gas station. Plaintiff, who had previously paid for his gas, finished pumping and went inside the station to obtain his change. Plaintiff stood behind Stacks, who was purchasing potato chips. After Stacks paid for his chips, he "looked over his shoulder and asked the Plaintiff whether Plaintiff was trying to threaten him and take his gun." (Am. Compl. ¶ 14.) Plaintiff replied that he was just in the store to obtain his change from an earlier gas purchase. Stacks told Plaintiff to "step back." Plaintiff obtained his change from the cashier and turned towards the exit. "[A]s Plaintiff was walking toward the exit doors, Stacks grabbed Plaintiff, tearing his shirt and under shirt as Officer Stacks was unlawfully and with excessive force, pushing Plaintiff out of the store." (Id. ¶ 21.) Stacks placed Plaintiff under arrest, and Plaintiff was placed in the backseat of a police car.

While en route to the jail, Stacks pulled over the car, put on a pair of black leather gloves, and walked over to another squad car that had been following behind Stacks' car. Then Stacks returned to the police car "where Plaintiff was sitting and proceeded to beat [Plaintiff]." (Id. ¶ 24.)

Plaintiff alleges that he was subjected to intentional and unreasonable force by Officer Stacks and that he was deprived of his right to be free from unreasonable seizure under the Tennessee and United States Constitutions. Plaintiff further

-2-

alleges that "the decision makers and policy makers of the City of Memphis tolerate the custom and widespread practice of the City of Memphis Police to harass, brutalize and wrongfully arrest without just cause defenseless citizens." (Id. ¶ 32.) Finally, Plaintiff contends that the City government decision-makers are deliberately indifferent to the "lawless actions" of the Memphis police, which are "so widespread as to have the force and effect of law." (Id. ¶¶ 33-34.) Plaintiff seeks $5,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages.

## II. Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must treat all of the well-pleaded allegations of the complaint as true, Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992), and must construe all of the allegations in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## III. Analysis

The City makes three arguments in support of its motion to

-3-

dismiss: (1) Tennessee does not recognize an implied private cause of action for damages based upon violation of the Tennessee Constitution; (2) Plaintiff has failed to allege that his injury was caused by an unconstitutional policy or custom of the City as required to state a claim under 42 U.S.C. § 1983; and (3) the City is not liable for punitive damages.

    The City first moves to dismiss Plaintiff's state constitutional claims.  It is well established that Tennessee does not recognize an implied private cause of action for damages based on violations of the Tennessee Constitution.  <u>Wooley v. Madison County, Tennessee</u>, 209 F. Supp. 2d 836, 844 (W.D. Tenn. 2002); <u>see also</u> <u>Cline v. Rogers</u>, 87 F.3d 176, 179 (6th Cir. 1996); <u>Bowden Bldg. Corp. v. Tennessee Real Estate Comm'n</u>, 15 S.W. 3d 434, 446 (Tenn. Ct. App. 1999).  Accordingly, the City's motion to dismiss Plaintiff's state constitutional claims is GRANTED.

    The City next moves to dismiss Plaintiff's federal constitutional claims.  As an initial matter, the Court notes that Plaintiff makes no reference to 42 U.S.C. § 1983 anywhere in his amended complaint, although he cites to his right to be free from unreasonable seizure under the United States Constitution.  Despite this omission, the City has construed Plaintiff's allegations as asserting a cause of action under § 1983 (Def.'s Mem. Support Mot. Dismiss 1), and the Court agrees that this is the proper construction.  See <u>Pierzynowski v. Police Dep't City</u>

of Detroit, 941 F. Supp. 633, 639 (E.D. Mich. 1996)(construing plaintiff's allegations as stating § 1983 cause of action where complaint cited only to Fourteenth Amendment)(noting that defendants understood complaint to advance § 1983 claims and responded accordingly in dispositive motions); see also Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)(42 U.S.C. § 1983 provides the remedy for "vindicating federal rights elsewhere conferred").

The City argues that Plaintiff's federal constitutional claims must be dismissed because the complaint fails to set forth the requisite elements of an actionable cause against a municipality under 42 U.S.C. § 1983. The City correctly notes that a municipality may be held liable under § 1983 only if the municipality itself caused the constitutional deprivation. Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690 (1978). Before a local governmental unit can be held liable for injuries pursuant to § 1983, "a plaintiff must show that his injuries were the result of some 'policy or custom' attributable to the governmental entity." Leach v. Shelby County Sheriff, 891 F.2d 1241, 1245 (6th Cir. 1989)(quoting Monell, 436 U.S. at 690). A municipality is not liable under section 1983 for an injury inflicted solely by its employees or agents, but rather it is only liable when the "execution of the government's policy or custom . . . inflicts the injury." City of Canton v. Harris, 489 U.S. 378, 385 (1989). Where a plaintiff alleges a failure to train officers, he must also establish that the "municipality's

failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants." Id. at 389.

The City's sole argument is that all of Plaintiff's § 1983 claims must be dismissed because his pleading is "devoid of any reference to a policy or custom of the City of Memphis." Plaintiff's Amended Complaint, however, clearly alleges that the City failed to "adequately supervise the officers of the Police Department in the implementation of proper and non-abusive arrest procedures" and that "the decision makers and policy makers of the City of Memphis tolerate the custom and widespread practice of the City of Memphis Police to harass, brutalize and wrongfully arrest without just cause defenseless citizens." (Am. Compl. ¶¶ 28, 32.)

The Amended Complaint further alleges that the City government decision-makers are deliberately indifferent to the "lawless actions" of the Memphis police, which are "so widespread as to have the force and effect of law." (Id. ¶¶ 33-34.) Specifically, the Amended Complaint alleges that Defendant's deliberate indifference to the unlawful acts of its police force has a "disparate impact on a significant portion of the Black population of Memphis" (Id. ¶ 33), and describes a previous incident in which Plaintiff was subjected to "excessive and deadly force" to arrest Plaintiff for allegedly speeding in a school zone (Id. ¶ 39).

There is no heightened pleading requirement for § 1983 actions. <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 168 (1993). "A complaint need not set down in detail all the particularities of a plaintiff's claim, but must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Lillard v. Shelby County Bd. of Educ.</u>, 76 F.3d 716, 726 (6th Cir. 1996)(quotation omitted).

In this case, Plaintiff's Amended Complaint has alleged the requisite elements of an actionable claim against a municipality under § 1983. It also contains specific factual allegations and has given the City fair notice of Plaintiff's allegations. Accordingly, the City's motion to dismiss Plaintiff's § 1983 claims is DENIED.

Finally, the City argues that Plaintiff may not recover punitive damages against a municipality as a matter of law. It is well settled that punitive damages cannot be assessed against municipalities for the acts of one of its employees in an action under 42 U.S.C. § 1983. <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 266-71 (1981); <u>Barnier v. Szentmiklosi</u>, 810 F.2d 594, 598 (6th Cir. 1987); <u>Alexander v. Beale Street Blues Co., Inc.</u>, 108 F. Supp. 2d 934, 950 (W.D. Tenn. 1999). Accordingly, Plaintiff may not recover punitive damages from the City of Memphis in this action. The City's motion to dismiss Plaintiff's request for punitive damages is GRANTED.

**IV. Conclusion**

For the reasons set forth above, the City's motion to dismiss Plaintiff's claims under the Tennessee constitution and Plaintiff's request for punitive damages is GRANTED. The City's motion to dismiss Plaintiff's claims under the federal constitution is DENIED.

IT IS SO ORDERED this 21st day of March, 2006.

                                         /s/ Jon P. McCalla
                                        JON P. McCALLA
                                        UNITED STATES DISTRICT JUDGE